IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KENNETH COUNCIL,                              §
                                             §
                 Plaintiff,                   §
                                             §
V.                                            §          No. 3:24-cv-1370-D-BN
                                             §
DRAFTKINGS, ET AL.,                           §
                                             §
                 Defendants.                  §

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO COMPEL**

Plaintiff Kenneth Council filed a *pro se* complaint for monetary damages against Defendant Draftkings and two John Doe defendants, through which Council asserted a "civil rights claim" based on allegations that include that "Draftking geoplay does not function properly and is publicly known to have issues which provide unfair and unequal advantages to nonurban players, costing urban [players, like Council,] thousands of dollars." Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred the complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing Council's complaint, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss this lawsuit for lack of subject matter jurisdiction [Dkt. No. 5] (the "FCR").

Council filed a response to the FCR, which he then amended, *see* Dkt. Nos. 6 & 7, and which the undersigned liberally construed as amending the complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). And, because the

amended response/operative complaint includes allegations to establish diversity subject matter jurisdiction under 28 U.S.C. § 1332, the undersigned withdrew the FCR. *See* Dkt. No. 8.

Through a separate order, the Court will grant Council's motion for leave to proceed *in forma pauperis* [Dkt. No. 4] under 28 U.S.C. § 1915, subjecting his claims as amended to screening under Section 1915(e), which, in part, requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

And, although this case has not advanced past this initial stage, Council now moves the Court to compel a nonparty, Bank of America, to comply with a subpoena duces tecum that has allegedly issued, citing "ongoing public concerns" and "potential First Amendment implications." Dkt. No. 9.

On June 14, 2024, a subpoena duces tecum was issued to Bank of America, commanding them to produce and permit inspection and copying of certain documents and records pertaining to the bank account(s) of Kenneth Council. These documents are crucial for the defense of Mr. Council's constitutional rights.

Despite the clear instructions and the legal obligation, Bank of America has refused to comply with the subpoena. This refusal is not only impeding Mr. Council's attempt to access the courts, but it is also obstructing the pursuit of justice in this case.

This situation raises serious concerns regarding Mr. Council's First Amendment rights. The First Amendment guarantees the right to petition the government for a redress of grievances, which has been interpreted by the courts to include the right of access to the courts. By refusing to comply with the subpoena, Bank of America is effectively denying Mr. Council his First Amendment right to access the courts and defend his rights.

*Id.*

Council's motion to compel is DENIED for the following reasons.

"Under Federal Rule of Civil Procedure 45, a party may serve a subpoena that commands a nonparty 'to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises.'" *MetroPCS v. Thomas*, 327 F.R.D. 600, 606 (N.D. Tex. 2018) (quoting FED. R. CIV. P. 45(a)(1)(A)(iii)).

And, while "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," *ELargo Holdings, LLC v. Doe–68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016) (quoting FED. R. CIV. P. 45(d)(1)), Rule 45's requirements are also subject to Federal Rule of Civil Procedure 26(d)(1)'s mandate that "a party 'may not seek discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f), except ... [when authorized by these rules, by stipulation, or] by court order,'" *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (quoting FED. R. CIV. P. 26(d)(1)).

That is, in general, "[u]nder Federal Rule of Civil Procedure 26(d)(1), parties may not seek discovery from any source before the Rule 26(f) conference. This includes service of a subpoena on a third party under Rule 45." *Dish Network L.L.C. v. Motasaki*, No. 4:20-CV-1702, 2020 WL 10786543, at *1 (S.D. Tex. June 26, 2020).

And "[a]ny party seeking expedited discovery must show good cause." *Id.* (citing *St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)).

Although the United States Court of Appeals for the Fifth Circuit "has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit … have expressly utilized the 'good cause' standard when addressing the issue," which "takes into consideration such factors as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made," and under which "a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *ELargo Holdings*, 318 F.R.D. at 61 (citations omitted).

In sum, "good cause typically exists where" "[t]he party seeking expedited discovery" demonstrates that "the need for expedited discovery outweighs the prejudice to the responding party," while showing that "the scope of the requests [are] narrowly tailored to the necessary information [sought]." *Id.* (cleaned up). And "[c]ourts have found good cause to exist when the case cannot proceed absent the expedited discovery." *Dish Network*, 2020 WL 10786543, at *1 (citing *St. Louis Grp.*, 275 F.R.D. at 241).

Considering these legal standards, Council has not demonstrated good cause for expedited discovery, from nonparties or otherwise. The Court can proceed to screen Council's allegations without the need for the discovery that he seeks from Bank of America.

SO ORDERED.

DATED: July 15, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 5 -