IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH COUNCIL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1370-D-BN |
| | § | |
| DRAFTKINGS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kenneth Council filed a *pro se* complaint for monetary damages against Defendant Draftkings and two John Doe defendants, through which Council asserted a "civil rights claim" based on allegations that include that "Draftking geoplay does not function properly and is publicly known to have issues which provide unfair and unequal advantages to nonurban players, costing urban [players, like Council,] thousands of dollars." Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred the complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing Council's complaint, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss this lawsuit for lack of subject matter jurisdiction [Dkt. No. 5] (the "FCR"). Council filed a response to the FCR, which he then amended, *see* Dkt. Nos. 6 & 7, and which the undersigned liberally construed as amending the complaint as a matter of course under Federal

Rule of Civil Procedure 15(a)(1). And, because the amended response/operative complaint includes allegations to establish diversity subject matter jurisdiction under 28 U.S.C. § 1332, the undersigned withdrew the FCR. *See* Dkt. No. 8.

After the FCR was withdrawn, Council filed a Motion for Temporary, Preliminary, and Permanent Injunctive Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) [Dkt. No. 10] (the "TRO Motion"). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the TRO Motion.

## Discussion

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

So, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public

interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

Considering these legal standards, the TRO Motion, seeking relief under the FTC Act, should be denied because the Act "nowhere purports to confer upon private individuals, either consumers or business competitors, a right of action to enjoin the practices prohibited by the Act or to obtain damages following the commission of such acts." *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988-89 (D.C. Cir. 1973) (concluding that, "[o]n careful examination of the Act and its legislative history, both when passed in 1914 and amended in 1938, we find strong indication that Congress did not contemplate or intend such a private right of action."); *see also Arruda v. Curves Int'l, Inc.*, 861 F. App'x 831, 835 (5th Cir. 2021) (per curiam) ("Plaintiffs concede the [FTC Act] provides no private right of action. Other circuits agree…. [And] Congress's omission of a private right of action in the [FTC Act] controls." (citations omitted)); *Dillard v. Mortg. Elec. Registration Sys., Inc.*, No. 3:10-cv-91-N, 2010 WL 11618069, at *2 (N.D. Tex. Dec. 16, 2010) ("Courts … have long held that the FTC Act does not contain a private right of action." (citing *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978) (citing, in turn, *Holloway*; *Carlson v. Coca-Cola*

*Co.*, 483 F.2d 279 (9th Cir. 1973)); citation omitted)).

## Recommendation

The Court should deny the motion seeking a temporary restraining order or preliminary injunctive relief [Dkt. No. 10].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 15, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE