IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH COUNCIL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-1370-D-BW |
| | § | |
| DRAFTKINGS, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Kenneth Council's Complaint, received on June 5, 2024, and as subsequently amended. (Dkt. No. 3; *see also* Dkt. Nos. 6-7.) Based on the relevant filings and applicable law, the Court should **DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Council filed this action against Draftkings and two John Doe defendants, alleging a "civil rights claim" premised on the contention that "Draftkings geoplay does not function properly and is publicly known to have issues which provide unfair and unequal advantages to nonurban players, costing [ ] thousands of dollars to urban players like Council." (Dkt. No. 3 at 2 (capitalization altered).) Based on Council's complaint, the Court recommended that the action be dismissed for lack of subject matter jurisdiction, to which recommendation Council filed a response that

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred to a magistrate judge for judicial screening. By Special Order No. 3-354, it was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 21.)

he subsequently amended.  (*See* Dkt. Nos. 5-7.)  Liberally construing the responses as an amendment to the complaint and noting that the amendment included allegations to establish diversity subject matter jurisdiction, the undersigned withdrew the original recommendation of dismissal.  (*See* Dkt. No. 8.)

In his complaint, as amended, Council adds the CEO of Geocomply and the CEO of Draftkings as defendants in the action and alleges claims pursuant to § 13(b) of the Federal Trade Commission ("FTC") Act for violation of § 5(a) of the FTC Act.  (*See* Dkt. No. 7 at 1.)  In addition to repeating contentions from his original complaint, Council states that Defendants' "violations are in connection with acquiring consumers' imprecise geolocation data and selling the data in a format that allows entities to track the consumers' movements to and from sensitive locations and provide imprecise and inaccurate geolocation information relied upon by third parties to deprive Council of revenue and income."  (*Id.*; *see also id.* at 4-10.)  He seeks monetary damages and injunctive relief.  (*See id.* at 11.)

## II.  PRELIMINARY SCREENING

Because Council has been granted leave to proceed in forma pauperis, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.* at 555. The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

## III. ANALYSIS

As the Court has noted, "Council brings this action under Section 13(b) of the [FTC Act], 15 U.S.C. § 53(b), which authorizes Council to seek, and the Court to order, permanent injunctive relief and other relief for Defendant's acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a)." (Dkt. No. 7 at 1.)

Section 5(a) of the FTC Act, codified at 15 U.S.C. § 45(a), prohibits certain "persons, partnerships, or corporations" from "using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(2). Under § 13(b) of the FTC Act, codified at 15 U.S.C. § 53(b), the FTC may file a federal action to enjoin any act or practice that violates a provision of the FTC Act. *See* 15 U.S.C. § 53(b). The FTC Act "does not provide for private causes of action," and its provisions may be enforced only by the FTC. *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 176 (5th Cir. 2016) (citing

3

*Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978)); *see also Arruda v. Curves Int'l, Inc.*, 861 F. App'x 831, 835 (5th Cir. 2021) ("Plaintiffs concede the [FTC Act] provides no private right of action.  Other circuits agree. . . . [And] Congress's omission of a private right of action in the [FTC Act] controls." (internal citations omitted)).  Because the FTC Act under which Council brings this action does not provide for private causes of action, Council fails to state a claim upon which relief may be granted, and his claims do not survive judicial screening.

Further, to the extent Council continues to characterize this action as a "civil rights claim," the Court has previously explained in this case that "[a] plaintiff makes out a [42 U.S.C.] § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'"  (Dkt. No. 5 at 6 (quoting *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008))).)  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  (*Id.* (quoting *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (citations and internal quotation marks omitted)).  A private individual or corporation—such as each Defendant in this case—"'can qualify as a state actor in a few limited circumstances.'"  *Bridges v. Methodist Hosp.*, No. 24-20483, 2025 WL 1693074, at *3 (5th Cir. June 17, 2025) (unpublished) (quoting *Pearson v. Shriners*

4

*Hosps. for Child., Inc.*, 133 F.4th 433, 443 (5th Cir. 2025), and identifying such limited circumstances).

Here, Council fails to allege any facts to demonstrate that the private individuals and corporations he sues may be treated as state actors for purposes of a civil rights action under § 1983. *See id.* Because Council has failed to plead sufficient facts to state a plausible claim to relief under § 1983, any such claim also does not survive judicial screening.

Accordingly, the Court should dismiss Council's case with prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim.

## IV. LEAVE TO AMEND

Notwithstanding a failure to plead sufficient facts, a pro se plaintiff ordinarily should be granted leave to amend his complaint before dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not necessary, however, when the plaintiff has already pled his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).

Here, Council has already had the opportunity to allege his best case by amending his complaint. (*See* Dkt. Nos. 6-7.) Additionally, even having been notified by the Court about the deficiencies relating to the bases on which he brought this action and despite ample time to move for leave to amend again, Council has failed to state a claim upon which relief may be granted. He therefore has had sufficient opportunity to plead his best case and further leave to amend is not warranted.

5

## V.  RECOMMENDATION

The Court should **DISMISS** this action with prejudice for failure to state a

claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO RECOMMENDED** on January 14, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).