IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH COUNCIL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-1370-D |
| | § | |
| DRAFTKINGS INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action, plaintiff Kenneth Council ("Council") moves for leave to file a third

amended complaint.  Defendant DraftKings Inc. ("DraftKings") opposes Council's motion

and moves to dismiss his second amended complaint under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim on which relief can be granted.  For the reasons that follow, the court

grants Council leave to amend his complaint and denies DraftKings' motion to dismiss

without prejudice as moot.

I

The court considers first Council's motion for leave to file a third amended complaint.

A

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is

within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D.

Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401

U.S. 321, 330 (1971)).  "The court should freely give leave when justice so requires."  Rule

15(a)(2).  Granting leave to amend, however, "is by no means automatic."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).  In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *Id.* (citing cases).

B

Having considered the parties' positions, the court is not persuaded that it should vary in this case from Rule 15(a)(2)'s admonition that leave to amend should freely be given when justice so requires.  DraftKings does not argue that there was any bad faith or dilatory motive on Council's part.

Instead, DraftKings contends that the amendment would be futile because Council's proposed third amended complaint would not survive a motion to dismiss.  "[A] district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal."  *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009)) (some internal quotation marks omitted).  Even so, this court's

- 2 -

> almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Reneker v. Offill*, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) (Fitzwater, C.J.) (citation omitted). Consistent with its usual practice, the court declines at this point to reach the merits of the claims that Council intends to bring in his third amended complaint.

Similarly, the court will decline at this time to consider whether Council's attempted joinder of new parties is proper. "[T]his court has given full consideration to motions to file amended pleadings that added new parties, even though such motions were not styled as motions to join new parties." *Maiden Biosciences, Inc. v. MPM Med., Inc.*, 2019 WL 2075585, at *2 (N.D. Tex. May 10, 2019) (Fitzwater, J.); *see also, e.g.*, *Architettura, Inc. v. DSGN Assocs. Inc.*, 2017 WL 3311197, at *1, *5 (N.D. Tex. Aug. 3, 2017) (Fitzwater, J.); *Valdez v. Celerity Logistics, Inc.*, 2013 WL 12354437, at *1-2 (N.D. Tex. Aug. 20, 2013) (Fitzwater, C.J.). "The court may grant such motions under the Rule 15(a)(2) standard without expressing a view on the propriety of joinder under [Rule 20(a)]." *Maiden Biosciences, Inc.*, 2019 WL 2075585, at *2. The court will adhere to this practice.

DraftKings also maintains that Council has repeatedly failed to cure deficiencies and seeks to reinvent his case, which, if permitted, would cause substantial prejudice. The court acknowledges that Council has twice been granted the opportunity to amend his complaints and that his proposed third amended complaint alleges new claims. Nevertheless, because

the court has not yet entered a scheduling order in this case, Council's motion for leave to amend is presumptively timely, and DraftKings has failed to rebut this presumption of timeliness. *See Cole v. Ridge*, 2004 WL 2237028, at *2 (N.D. Tex. Oct. 4, 2004) (Ramirez, J.) (citing *Inline Corp. v. Tricon Rests. Int'l*, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002) (Fitzwater, J.)). Moreover, delays in the progression of a case are inevitable when, as here, new claims and parties are added. *See Maiden Biosciences, Inc.*, 2019 WL 2075585, at *2. Council, who is proceeding *pro se* and *in forma pauperis*, should be given a fair opportunity to plead his best case. *See Busch v. Williams*, 2007 WL 2254939, at *1 (N.D. Tex. Feb. 7, 2007) (Fitzwater, J.).

Accordingly, the court grants Council leave to amend. The clerk of court is directed to file Council's third amended complaint, which has been docketed as ECF No. 43-1.

II

Because Council has been granted leave to amend, DraftKings' motion to dismiss his second amended complaint is denied without prejudice as moot. *See, e.g.*, *Mangum v. United Parcel Servs.*, 2009 WL 2700217, at *1 (N.D. Tex. Aug. 26, 2009) (Fitzwater, C.J.) (denying as moot motion to dismiss after plaintiff filed amended complaint).

*   *   *

For the reasons explained, the court grants Council leave to amend his complaint and denies without prejudice as moot DraftKings' motion to dismiss.

**SO ORDERED**.

April 2, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE